MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KRISTIN L. VASSALLO
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Telephone: (212) 637-2822
Fax: (212) 637-2730

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ANGEL A. ANTONGIORGI,

                Plaintiff,

       v.

UNITED STATES OF AMERICA,

                Defendant.
------------------------------------------------------------ x

Electronically Filed

07 Civ. 3185 (VM)

**ANSWER**

       Defendant the United States of America ("defendant" or "the Government"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint (the "complaint") of plaintiff Angel A. Antongiorgi ("plaintiff") upon information and belief as follows:

       1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint.

       2.    Paragraph 2 of the complaint sets forth legal conclusions to which no response is required.

       3.    Paragraph 3 of the complaint sets forth legal conclusions to which no response is required; to the extent a response is required, denies the allegations in paragraph 3 of the complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first paragraph 4[1] of the complaint, except admits that the Department of Veterans Affairs, Office of Regional Counsel received a Claim for Damage, Injury or Death submitted by plaintiff on April 25, 2006.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first paragraph 5 of the complaint, except admits that the Department of Veterans Affairs sent a notice of final denial to plaintiff on January 31, 2007.

6. Admits the allegations in the second paragraph 4 of the complaint.

7. Admits the allegations in the second paragraph 5 of the complaint.

8. Admits the allegations in paragraph 6 of the complaint.

9. Admits the allegations in paragraph 7 of the complaint.

10. Admits the allegations in paragraph 8 of the complaint.

11. Admits the allegations in paragraph 9 of the complaint.

12. Admits the allegations in paragraph 10 of the complaint.

13. Denies the allegations in paragraph 11 of the complaint, except admits that plaintiff was admitted to the Bronx Veterans Affairs Medical Center on August 7, 2005.

14. Denies the allegations in the first paragraph 12 of the complaint, except admits that plaintiff received treatment at the Bronx Veterans Affairs Medical Center from August 11, 2005 to August 17, 2005.

15. Admits the allegations in the second paragraph 12 of the complaint.

---

[1] The complaint contains two paragraphs numbered 4, two paragraphs numbered 5, and two paragraphs numbered 12.

16. Denies the allegations in paragraph 13 of the complaint.

17. Denies the allegations in paragraph 14 of the complaint.

18. Denies the allegations in paragraph 15 of the complaint.

19. Denies the allegations in paragraph 16 of the complaint.

20. Denies the allegations in paragraph 17 of the complaint.

21. Denies the allegations in paragraph 18 of the complaint.

22. Denies the allegations in paragraph 19 of the complaint.

23. Denies the allegations in paragraph 20 of the complaint.

24. Denies the allegations in paragraph 21 of the complaint.

25. Denies the allegations in paragraph 22 of the complaint.

26. Denies the allegations in paragraph 23 of the complaint.

27. Denies the allegations in paragraph 24 of the complaint.

28. The allegations in paragraph 25 of the complaint constituted plaintiff's prayer for relief and/or characterization of this action, to which no response is required. .

## FIRST DEFENSE

Any injuries sustained by plaintiff were sustained without any negligence or fault or want of due care by the United States.

## SECOND DEFENSE

The injuries and damages alleged in the complaint were not proximately caused by any negligent or wrongful act or omission of the United States or any employee or agent of the United States.

### THIRD DEFENSE

In the event the United States is found to be negligent, which negligence the United States denies, the negligence or other culpable conduct of plaintiff contributed to causing the plaintiff's injury, and any recovery must be proportionately reduced. See N.Y. C.P.L.R. § 1411.

### FOURTH DEFENSE

Plaintiff's recovery, if any, in this action is limited to the amount stated in plaintiff's administrative claim.

### FIFTH DEFENSE

Plaintiff's recovery, if any, must be reduced pursuant to the collateral source statute, CPLR § 4545(c).

### SIXTH DEFENSE

Plaintiff's recovery, if any, is limited by N.Y. C.P.L.R. § 1601(1).

### SEVENTH DEFENSE.

The United States is not liable for interest prior to judgment or for punitive or special damages. See 28 U.S.C. § 2674.

### EIGHTH DEFENSE

Plaintiff had knowledge of and voluntarily assumed the risks incident to the matters alleged in the complaint, in particular by providing his informed consent to medical procedures referred to in the complaint. Any injuries alleged in the complaint were caused by and arose out of such risks.

WHEREFORE, defendant, by its attorney, prays that judgment be entered dismissing the complaint and granting such further relief as this Court deems just, including costs and disbursements.

Dated: New York, New York
June 21, 2007

        Respectfully submitted,

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        Attorney for Defendant

By:    /s/ Kristin L. Vassallo
        KRISTIN L. VASSALLO
        Assistant United States Attorney
        Telephone: (212) 637-2822
        Fax: (212) 637-2730

To:    John S. Kanzler, Esq.
        Finz & Finz, P.C.
        100 Jericho Quadrangle
        Jericho, New York 11753
        Attorney for Plaintiff